Johnson. J.
The question submitted to the court is whether a defendant who has been made a party in the court of common pleas by a foreign attachment against his goods, and who resides in the state of New-York, can under the act of Congress of 1789, transfer the proceedings to the circuit court of the United States for the district of South-Carolina? It is admitted that if the defendant hadbeen made a party by process against his person that it would have been his right so to have transfered the case; but it has been contended that by the laws of the United States a foreign attachment cannot issue from the courts of the United States against the goods or estate of the defendant residing in one of the states; and Hollingsworth vs. Adams (2 Dallas 196,) is relied on; and hence it is concluded that if a defendant cannot be made a party by attachment issuing from that court, that the court cannot take cognisance of any case originated by that pro cess. But, it will be seen at once, that that case was determined on quite a different principle. The act itself expressly provides, that an inhabitant of the United States shall not be made a party except in. the district where he resides or. shall be found at the time of suing the writ;-so that proceeding by attachment is.excluded in a case thus situated. But the 12 section of the act. (Ingersoll’s Digest 3.70,) appears to have provided for this very case. If n suit be commenced in any state court by a citizen of the state in which the action is brought, against a‘citizen of another state, the defendant *170 is permitted under cartain regulations to remove the case to the circuit court of the United States; and the same clause provides, that “ any attachment of the goods or estates of the defendant, by original process, shall hold the goods or estate so attached to answer the final judgment, in the same manner as by the laws of such state they would have been holden to answer such final judgment, had it been rendered by the court in which the suit was.commenced.” That this provision is useless, unless a suit commenced by attachment against the goods and estates of the defendant can be removed, is self evident, and it must prevail; as there is no act prohibit* ing it
Motion dismissed.
Hunt and Grimke for the motion^
Kim contra»